TAYLOR, J.
Appellant filed a survival action on behalf of his deceased wife, Lynne Thristino, against Tenet Health Care Corporation and Crawford & Company. Tenet was Mrs. Thristino’s employer, and Crawford was hired by Tenet to handle her worker’s compensation claim. After Mrs. Thristino died, appellant sought damages against Tenet and Crawford for intentionally and purposefully depriving her of necessary care and services prescribed by her physicians. The trial court dismissed appellant’s second amended complaint with prejudice as to Crawford. As Crawford concedes, we must reverse the trial court’s dismissal of the intentional infliction of emotional distress claim of Lynne Thristi-no (Count I). Dismissal of this claim was based on Inservices, Inc. v. Aguilera, 837 So.2d 464 (Fla. 3d DCA 2002), which was recently quashed by the supreme court in Aguilera v. Inservices, Inc., 905 So.2d 84 (Fla.2005).
Lynne Thristino was employed as a cardiac technician at North Ridge Medical Center in Broward County, Florida, when she was severely injured on the job. She suffered extreme injuries to her head, spine, and face. Her condition deteriorated over the next fourteen years, until her death in May 2001. In his second amended complaint, appellant made detailed fac *1163 tual allegations of intentional mistreatment or neglect by Tenet and Crawford in their management of Mrs. Thristino’s care.
The trial court dismissed appellant’s complaint as barred by worker’s compensation immunity, relying primarily on the third district’s decision in Inservices, Inc. v. Aguilera, 837 So.2d 464 (Fla. 3d DCA 2002). There, the court held that the Worker’s Compensation Act’s exclusivity provision barred an action against the carrier for intentional infliction of emotional distress committed while handling a claim, unless the allegations involved wrongdoing wholly separate and independent of the claims handling process. The Florida Supreme Court later quashed Inservices, stating:
[W]e reject the notion and premise of the Third District and that favored by the dissent, that an independent tort in this context can never exist within the claims administration process and that for an independent claim to have validity, it must be an act totally separate and apart from the process itself.
Aguilera v. Inservices, 905 So.2d 84, 93 (Fla.2005).
The court emphasized that our workers’ compensation law does not eliminate a common law action for intentional torts:
[a]n insurance carrier who utilizes the process of administering benefits to intentionally injure a worker is not afforded immunity. Only injuries that occur within the system, “workplace injuries,” are covered under the workers’ compensation law, not injuries intentionally inflicted by an insurance carrier during the claims administration process.
Id. at 98.
Appellee concedes that, based on Aguil-era, appellant’s claim of intentional infliction of emotional distress must be reinstated. We agree with appellant that the order of dismissal as to the remaining counts of the second amended complaint should be reversed as well and appellant given leave to amend his complaint. We therefore reverse and remand this cause for further proceedings consistent with this opinion.

Reversed and Remanded.

KLEIN and SHAHOOD, JJ., concur.